**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| JAZMIN CRUZ, CHARLENE MILLER, KANESHA ROBINSON and REBECCA WILLIAMS, on behalf of themselves and others similarly situated, | CIVIL ACTION FILE NO: FLSA Collective Action Jury Trial Demand |
| Plaintiffs, | |
| v. | |
| BT'S ON THE RIVER, LLC d/b/a BOOBY TRAP ON THE RIVER, a Florida Limited Liability Company; BTS NORTH, INC. d/b/a BOOBY TRAP DORAL, a Florida Corporation; BOOBY TRAP, INC., d/b/a BOOBY TRAP POMPANO BEACH a Florida Corporation; PHILIP GORI, an individual; GREGG BERGER, an individual; B&G OPA HOLDINGS LLC d/b/a Klub 24; MIKE ARZA, an individual, | |
| Defendants. | |

**COMPLAINT FOR DAMAGES**

Plaintiffs JAZMIN CRUZ, CHARLENE MILLER, KANESHA ROBINSON and REBECCA WILLIAMS, individually and on behalf of similarly situated persons, (collectively "Plaintiffs"), files this Complaint against BT'S ON THE RIVER, LLC d/b/a BOOBY TRAP ON THE RIVER, a Florida Limited Liability

Company; BTS NORTH, INC. d/b/a BOOBY TRAP DORAL, a Florida Corporation; BOOBY TRAP, INC., d/b/a BOOBY TRAP POMPANO BEACH a Florida Corporation; PHILIP GORI; GREGG BERGER; B&G OPA HOLDINGS LLC d/b/a Klub 24 a Florida Limited Liability Company; and MIKE ARZA, (collectively "Defendants")  and allege:

## INTRODUCTION

1.      This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Florida Minimum Wage Act ("FMWA" and Article 10, Section 24 of the Florida Constitution ("Article X"). Defendants violated the minimum wage, tip retention and record keeping requirements of the FLSA, FMWA and Article X. Plaintiffs seek unpaid wages, including the recovery of illegal "kick-backs", unlawfully retained tips, liquidated damages and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to the FLSA and 28 U.S.C. § 1331.

3.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of events or omissions giving rise to this action occurred within the jurisdiction of this Court

## **PARTIES**

4.      Plaintiff Jazmin Cruz ("Cruz") resides in this District and is an employee of BT's on the River LLC d/b/a BT's on the River (hereinafter referred to as "BT River") from January 2021 to the present.

5.      Plaintiff Charlene Miller ("Miller") resides in this District and is an employee of BT River and B&G OPA HOLDINGS, INC d/b/a Klub 24 (hereinafter referred to as "Klub 24") from March 2022 to the present.

6.      Plaintiff Kanesha Robinson ("Robinson") resides in this District and is an employee of BT River, BOOBY TRAP, INC. d/b/a Booby Trap Pompano (hereinafter "BT Pompano") from February 2019 to the present.

7.      Rebecca Williams ("Williams") is a former employee of BTS North d/b/a/ Booby Trap Doral (hereinafter referred to as "BT Doral") and the River from approximately March 2019 to September 2020.

8.       Cruz, Miller, Robinson, and Williams are/were employees within the meaning of the FLSA FMWA and Article X.

9.      The FLSA Class Members are all current and former exotic dancers who worked at BT River located at 3615 NW S River Dr, Miami, FL 33142; BT Doral located at 5325 NW 77th Ave, Doral, FL 33166; BT Pompano located at 2840 Hammondville Rd, Pompano Beach, FL 33069; and  Klub 24 located at 3699 NW

135th St, Opa-locka, FL 33054, at any time starting three years (3) years before this Complaint was filed, up to the present.

10.     Defendant BT River has a principal place of business located at 3615 NW S River Drive, Miami, Florida 33142. At all times mentioned herein, BT River is/was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g), the FMWA and Article X. BT River may be served via its agent for service of process, Greg Berger, 5325 NW  77 AVE MIAMI, FL 33166.

11.     BT Doral is Florida Limited Liability Company with its principal place of business located at 5325 NW 77th Ave, Doral, FL 33166. At all times mentioned herein, BT Doral is/was an "employer" or "joint employer" as defined by the FLSA, the FMWA and Article X. Doral may be served via its agent for service of process, Greg Berger, 5325 NW  77 AVE MIAMI, FL 33166.

12.     Defendant MIKE ARZA ("Arza") owns and operates BT River. Defendant Arza acted directly or indirectly on behalf of the River with respect to the terms and conditions of employment at BT River of Plaintiffs Cruz and Miller and other entertainers and is an employer within the meaning of the FLSA, the FMWA and Article X.

13.     BT Pompano is a Florida Corporation with its principal place of business located at 2840 Hammondville Rd, Pompano Beach, FL 33069. At all times mentioned herein, BT Pompano is/was an "employer" or "joint employer" as defined

by the FLSA, the FMWA and Article X. Pompano may be served via its agent for service of process, Greg Berger, 5325 NW 77 AVE MIAMI, FL 33166.

14.     Klub 24 is Florida Limited Liability Company with its principal place of business located at 3699 NW 135th St, Opa-locka, FL 33054. At all times mentioned herein, Klub 24 is/was an "employer" or "joint employer" as defined by the FLSA, the FMWA and Article X. Klub 24 may be served via its agent for service of process, Greg Berger, 5325 NW 77 AVE MIAMI, FL 33166.

15.     Defendant Greg Berger ("Berger") owns and operates the BT River, BT Doral, BT Pompano and Klub 24. Defendant Berger acted directly or indirectly on behalf of all corporate Defendants with respect to the terms and conditions of employment of Plaintiffs and other entertainers at BT River, BT Doral, BT Pompano and Klub 24 and is an employer within the meaning of the FLSA, the FMWA and Article X.

16.     Defendant Phillip Gori ("Gori") owns and operates the River, Doral, Pompano and Klub 24. Defendant Gori acted directly or indirectly on behalf of all corporate Defendants with respect to the terms and conditions of employment of Plaintiffs and other entertainers at BT River, BT Doral, BT Pompano and Klub 24 and is an employer within the meaning of the FLSA, the FMWA and Article X.

17.     Defendants may be served under Rule 4 of the Federal Rules of Civil Procedure.

## INTERSTATE COMMERCE

18.     Plaintiffs, and other entertainers and employees of the BT River, BT Doral, BT Pompano, and Klub 24 were engaged in commerce or the production of goods in commerce as defined by the FLSA.

19.     BT River, BT Doral, BT Pompano, and Klub 24 were each an enterprise engaged in commerce within the meaning of the FLSA.

20.     BT River, BT Doral, BT Pompano, and Klub 24 were enterprises engaging in interstate commerce by having multiple employees regularly selling alcoholic beverages produced and shipped from outside of the state of Florida, serving foods produced and shipped from outside of the state of Florida and processing out-of-state credit card sales in the furtherance of their businesses.

21.     BT River, BT Doral, BT Pompano, and Klub 24 had out-of-state customers who regularly frequented the clubs.

22.     BT River, BT Doral, BT Pompano, and Klub 24 all had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.     BT River, BT Doral, BT Pompano, and Klub 24 all had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

## COMMON FACTUAL ALLEGATIONS

24.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b).

25.     BT River, BT Doral, BT Pompano, and Klub 24 all feature nude female dancers.

26.     Plaintiffs and other dancers who worked at BT River, BT Doral, BT Pompano, and Klub 24 were classified as independent contractors rather than employees and not paid the minimum wage.

27.     Defendants directly and indirectly controlled dancers' work schedules at BT River, BT Doral, BT Pompano and Klub 24 by requiring them to work a minimum number of shifts and hours per shift or pay a monetary penalty for failure to do so.

28.     Defendants and their house moms and managers directly and indirectly controlled the appearance and dress of dancers at BT River, BT Doral, BT Pompano and Klub 24.

29.     The Defendants and their house moms and managers had the authority to require dancers at BT River, BT Doral, BT Pompano and Klub 24 to change their appearance and attire at work.

30.     The Defendants and their house moms and managers required dancers at BT River, BT Doral, BT Pompano and Klub 24 to change their appearance and attire at work.

31.     The Defendants and their managers had the authority to hire, fire, supervise, manage, suspend, discipline and terminate dancers at BT River, BT Doral, BT Pompano and Klub 24.

32.     The Defendants and their managers directly and indirectly supervised dancers on a day-today basis at BT River, BT Doral, BT Pompano and Klub 24.

33.     The Defendants and their supervisors/managers required dancers at BT River, BT Doral, BT Pompano and Klub 24 to attend meetings to discuss workplace issues.

34.     The Defendants and their supervisors/managers used mandatory dancer meetings to discuss problems with dancer dress, hair, makeup, weight, and appearance, club promotional efforts and other work-related issues at BT River, BT Doral, BT Pompano and Klub 24.

35.     Defendants made all advertising, marketing and promotional decisions regarding BT River, BT Doral, BT Pompano and Klub 24 paid all costs associated with advertising marketing and promoting the clubs.

36.     Defendants required customers to pay a "door fee" to enter BT River, BT Doral, BT Pompano and Klub 24, and had ultimate authority as to which individuals were allowed to enter the clubs as customers.

37.     Defendants and their managers and house moms had the discretion not to permit a dancer to perform if she arrived to a scheduled shift after a certain time at BT River, BT Doral, BT Pompano and Klub 24.

38.     Defendants authorized the disc jockeys at BT River, BT Doral, BT Pompano and Klub 24 to instruct dancers to report to the stage and/or remove clothing while on stage.

39.     Defendants authorized the disc jockeys at BT River, BT Doral, BT Pompano and Klub 24 to establish a rotation and call their dancers to the stage to dance in compliance with the dance rotation.

40.     Defendants enforced a mandatory check-out process for dancers at BT River, BT Doral, BT Pompano and Klub 24, which included the payment of various fees to each club and their managers, house moms, and Disc jockeys.

41.     Defendants created, maintained and enforced written and unwritten rules of conduct for dancers at BT River, BT Doral, BT Pompano and Klub 24.

42.     Defendants required dancers at BT River, BT Doral, BT Pompano and Klub 24 to comply with their rules and policies.

43.     Defendants provided stages and VIP rooms used for dancer performances at BT River, BT Doral, BT Pompano and Klub 24.

44.     Defendants provided poles used for dancer performances at BT River, BT Doral, BT Pompano and Klub 24

45.     The River, Doral, Pompano, and Klub 24 were responsible for day-to-day purchases of liquor for sale at the Club.

46.     The dancers at BT River, BT Doral, BT Pompano and Klub 24 were not required to have prior experience as dancers or any formal or special training.

47.     The decision to hire or retain a dancer at BT River, BT Doral, BT Pompano and Klub 24 was largely based on the individual's body and/or appearance rather than any special skills.

48.     Dancers at BT River, BT Doral, BT Pompano and Klub 24 were generally required to work a minimum number of days per week, including a minimum number of "slow days," or pay fines.

49.     BT River, BT Doral, BT Pompano and Klub 24 advertised their businesses by using pictures of scantily clad women, and by depicting themselves as strip clubs, or gentlemen's clubs providing nude dancing to customers.

50.     The presence of nude dancers was integral to the business operations and success of BT River, BT Doral, BT Pompano and Klub 24.

51.     Dancers at BT River, BT Doral, BT Pompano and Klub 24 did not manage other persons or employees at work.

52.     Plaintiffs and the collective action members were "employees" as that term is used in the FLSA, FMWA and Article X, rather than independent contractors, as a matter of economic reality.

53.     Defendants were Plaintiffs' "employers" as defined in FLSA § 3(d), 29 U.S.C. § 203(d), the FMWA and Article X.

54.     Plaintiffs and the collective action members were not exempt from the minimum wage or overtime requirements of the FLSA for the work they performed at BT River, BT Doral, BT Pompano and Klub 24.

55.     Defendants paid no wages to Plaintiffs and the collective action members for the work they performed at BT River, BT Doral, BT Pompano and Klub 24.

56.     Plaintiffs and the collective action members worked entirely for tips paid by the Club's customers at BT River, BT Doral, BT Pompano and Klub 24.

57.     Defendants classified Plaintiffs as independent contractors at BT River, BT Doral, BT Pompano and Klub 24.

## COLLECTIVE ACTION ALLEGATIONS

58.     As alleged herein, Defendants are liable under the FLSA for willfully failing to properly compensate Plaintiffs and all other similarly situated current and former adult entertainers employed by Defendants during the three year period prior to commencement of this action, and as such, notice should be sent to past and present adult entertainers employed by Defendants, pursuant to 29 U.S.C. § 216(b).

59.     As alleged herein, Defendants deprived Plaintiffs and other similarly situated adult entertainers of compensation to which they are entitled through the following common practices, decisions or plans at BT River, BT Doral, BT Pompano and Klub 24:

(a) Requiring their adult entertainers to work without paying them the minimum wage as required by Section 206, 29 U.S.C. Sec. 206;

(b) Requiring their adult entertainers to pay fees to work in violation of 29 CFR 531.35 and Section 206, 29 U.S.C. Sec. 206; and

(c)     Retaining tips of their employees in violation of Section 203(m), 29 U.S.C. Sec. 203(m).

60.     Defendants have repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of adult entertainers, of improperly depriving compensation to which such adult entertainers are entitled under the FLSA.

61.     Questions that are common among the FLSA Collective Action members include, but are not limited to:

(a) whether Defendants violated Sections 206 of the FLSA;

(b) whether Defendants violated Sections 203 of the FLSA;

(c) whether Defendants' violations were willful within the meaning of the FLSA.

62.     There are thousands of similarly situated current and former adult entertainers who were or are employed by Defendants at BT River, BT Doral, BT Pompano and Klub 24, who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable by Defendants' records.

63.     Each of the Plaintiffs, consented to sue in this action pursuant to 29 U.S.C. § 216(b). Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action. Copies of the Plaintiffs' Notices of Consent are attached hereto as **Exhibit 1**.

64.     Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this collective action against Defendants under the FLSA, 29 U.S.C. § 201, *et seq*.

65.     Plaintiffs and others similarly situated (the "FLSA Collective"), are individuals who are current and former adult entertainer employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

**COUNT ONE:**
**VIOLATION OF 29 U.S.C. §§ 206 AND 211**

66.     Paragraphs 1 through 65 are incorporated herein by this reference.

67.     Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

68.     Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage.

69.     Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage.

70.     Plaintiffs are entitled to payment of their minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

71.     Defendants' violation of the FLSA was willful. In other words, Defendants knew or showed reckless disregard for the fact that their wage and "pay to work" policies violated the FLSA.

72.     Plaintiffs are entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

73.     Defendants failed to act in good faith in implementing and enforcing their wage and "pay to work" policies and their implementation and enforcement of these policies were unreasonable.

74.     Defendants violated the record keeping requirements contained in 29 U.S.C. Sec. 211 and 29 CFR Part 516 by failing to maintain accurate records identifying their employees, the hours they worked each day and workweek, their deductions from pay and the amounts they were paid each week.

75.     As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

## **COUNT TWO:**

## **UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203 (By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)**

76.     Plaintiffs hereby incorporate paragraphs 1-65 above by reference as if fully set forth fully herein.

77.     Defendants further violated the FLSA by requiring the Plaintiffs and similar situated exotic dancers to pay house fees and other fees and expenses  as a condition of employment.

78.    Plaintiffs and the similarly situated dancers were required to pay these fees from their tips paid by Defendants' customers.

79    As a result of Defendants' unlawful retention of tips, Plaintiffs and the class members are entitled to the amount of the unlawfully retained tips, plus liquidated damages and attorneys' fees under 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## ILLEGAL KICKBACKS, 29 C.F.R. § 531.35 (By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)

80.    Plaintiffs hereby incorporate paragraphs 1-65 above by reference as if fully set forth fully herein.

81..    Defendants required Plaintiffs to pay monetary fees to Defendants and other employees as a condition of their employment,

82.    Defendants' requirement that Plaintiffs pay fees to Defendants and other employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

83.    The payment of the fees caused Plaintiffs' wages to drop below the minimum wage.

84.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiffs are classified as illegal kickbacks and recoverable as part of their wage loss under the FLSA.

85.     Plaintiffs are entitled to recover from Defendants all fees that Defendants required Plaintiffs to pay to work at BT River, BT Doral, BT Pompano and Klub 24 as part of their wage loss, an equal amount in liquidated damages and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION:**

**VIOLATION OF FLORIDA CONSTITUTION, ART. X, § 24 (By Plaintiffs Individually Against All Defendants)**

86.     Plaintiffs hereby incorporate paragraphs 1-66 above by reference as if fully set forth fully herein.

87.     Defendants' failure to pay Plaintiffs any wages whatsoever constitute a willful violation of Article X, § 24 of the Florida Constitution.

88.     Plaintiffs are entitled to recover the applicable minimum hourly rate specified under Florida law for each hour worked during the five (5) years preceding the filing of this action, restitution of fees and fines unlawfully exacted from them by the Defendants, plus liquidated damages, attorneys' fees, and costs of litigation.

89.     Plaintiffs provided Defendants with "pre-suit" notice as outlined in the FMWA.

90.     Defendants failed to respond to the "pre-suit" notice and the instant action commenced as a result.

91.     Plaintiffs performed all conditions precedent to bringing a claim under Article X.

### **FIFTH CAUSE OF ACTION: Violation of the FMWA**

92.     Plaintiffs hereby incorporate paragraphs 1-65 above by reference as if fully set forth fully herein.

93.     Defendants' failure to pay Plaintiffs any wages whatsoever constitute a willful violation of the FMWA.

94.     Plaintiffs are entitled to recover the applicable minimum hourly rate specified under Florida law for each hour worked during the five (5) years preceding the filing of this action, restitution of fees and fines unlawfully exacted from them by the Defendants, plus liquidated damages, attorneys' fees, and costs of litigation.

95.     Plaintiffs provided Defendants with "pre-suit" notice as outlined in the FMWA.

96.     Plaintiffs performed all conditions precedent to bringing a claim under the FMWA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court:

a.     Enter a declaratory judgment or order finding that (i) Plaintiffs and the collective action members are "employees" under the FLSA, the FMWA and Article X sec 24 of the Florida Constitution; (ii) Defendants are "employers" as that term is defined under the FLSA, the FMWA and Article X sec 24 of the Florida Constitution; and (iii) Defendants violated the minimum wage, tip retention and record keeping provisions of the FLSA, FMWA and Article X;

b.     Award Plaintiffs and the collective action members amounts to be determined at trial against Defendants for unpaid minimum wages, including unlawful deductions due under the FLSA, the FMWA and Article X Sec 24 of the Florida Constitution;

c.     Award Plaintiffs and the collective action members the amounts of all tips unlawfully retained by Defendants;

d.     Award Plaintiffs and the collective action members liquidated damages against Defendants in the same amount as their unpaid minimum wages;

e.     Award Plaintiffs prejudgment interest on all amounts owed;

f.      Award Plaintiffs their reasonable attorney's fees and costs of litigation under the FLSA the FMWA and Article X sec 24 of the Florida Constitution; and

g.      Award any and such other relief this Court deems just, equitable and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this 27th day of February, 2025.

Respectfully submitted,

<u>s/ T'Keara N. Watson</u>
T'Keara N. Watson, Esq. – LEAD COUNSEL
FBN: 1018265
Carlos V. Leach, Esq.
FBN: 540021
THE LEACH FIRM, P.A.
1560 N. Orange Ave., Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: Twatson@theleachfirm.com
Email: cleach@theleachfirm.com

***Attorneys for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **<u>27th</u>** day of **<u>February</u>**, **<u>2025</u>**, the above was filed using the e-portal filing system which will send a copy via electronic mail to Defendant's Registered Agent.

<u>s/ T'Keara N. Watson</u>
T'Keara N. Watson, Esquire